UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSENER DORISCA, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | 17-10376-FDS |
| RAYMOND MARCHILLI, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER ON MOTION TO DISMISS**
**THE PETITION FOR A WRIT OF HABEAS CORPUS**

**SAYLOR, J.**

This is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner Josener Dorisca is an inmate at the Massachusetts Correctional Institution at Shirley ("MCI-Shirley"). Petitioner was convicted of second-degree murder and sentenced to life in state prison with the opportunity of parole after fifteen years. He now seeks habeas relief pursuant to 28 U.S.C. § 2254.

Respondent Raymond Marchilli has moved to dismiss the petition, contending that petitioner failed to exhaust his available state remedies as to one of the three claims contained in the petition. For the reasons set forth below, petitioner will be required either to dismiss the unexhausted claim without prejudice and proceed on the merits of the exhausted claim, or to accept dismissal of the entire petition.

**I.**  **Background**

On June 8, 2008, Josener Dorisca attended a cookout on Turner Street in Brockton,

Massachusetts. Joanne Jean-Pierre, who was not in attendance, had two children with Dorisca, but at the time of the incident was romantically involved with Bensney Toussaint. A physical altercation between Dorisca and Toussaint occurred outside of the cookout, which multiple witnesses testified Toussaint provoked. At some point during the altercation, Toussaint was shot multiple times in the face and chest. Toussaint was pronounced dead upon arrival at the hospital. Shortly thereafter, Dorisca left Massachusetts for Florida, where he remained for two and a half years. He was arrested on unrelated charges in Florida, and the outstanding warrant for his arrest in Massachusetts was discovered.

Dorisca was charged with first-degree murder. Following a jury trial in the Plymouth County Superior Court, he was convicted of second-degree murder and sentenced to life with the opportunity of parole after fifteen years. Dorisca appealed to the Massachusetts Appeals Court, which affirmed the conviction on December 23, 2015. *See Commonwealth v. Dorisca*, 88 Mass. App. Ct. 776 (2015). On January 21, 2016, Dorisca filed an Application for Leave to Obtain Further Appellate Review ("ALOFAR") with the Supreme Judicial Court of Massachusetts, which was denied on March 3, 2016.

On March 7, 2017, Dorisca filed a petition for a writ of habeas corpus relief pursuant to 28 U.S.C. § 2254. He asserts three grounds for relief in his petition:

(1) violation of the right to confrontation by the admission of deposition testimony of a medical examiner without an adequate showing that she was unavailable to testify at trial;

(2) violation of due process by denying petitioner's motion for a mistrial in response to misstatements of evidence made during closing arguments; and

(3) violation of due process by allowing the admission of repetitious testimony

concerning an investigation over objection.

On May 25, 2017, respondent filed a motion to dismiss the petition on the basis that Dorisca failed to exhaust his state-court remedies.

## II.     Analysis

### A.     Exhaustion Requirement

Before a court can evaluate the merits of a petitioner's constitutional claims, it must evaluate whether the claims were fairly presented to and exhausted in state court.  28 U.S.C. § 2254(b)(1)(A).  "This exhaustion requirement . . . is born of the principle 'that as a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act.'"  *Coningford v. Rhode Island*, 640 F.3d 478, 482 (1st Cir. 2011) (quoting *Rose v. Lundy*, 455 U.S. 509, 515 (1982)).

In order to satisfy the exhaustion requirement, a petitioner must present both the factual and legal bases of his federal claim "fairly and recognizably" to the state courts.  *Adelson v. DiPaola*, 131 F.3d 259, 262 (1st Cir. 1997).  "To carry this burden, the petitioner must demonstrate that he tendered each claim 'in such a way as to make it probable that a reasonable jurist would have been alerted to the existence of the federal question.'"  *Id.* (quoting *Scarpa v. Dubois*, 38 F.3d 1, 6 (1st Cir. 1994)).  "The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined."  *Martens v. Shannon*, 836 F.2d 715, 717 (1st Cir. 1988).

The First Circuit has identified at least five ways to satisfy the "fair presentment" requirement:  (1) reliance on a specific provision of the Constitution, (2) substantive and conspicuous presentation of a federal constitutional claim, (3) on-point citation to federal constitutional precedents, (4) identification of a particular right specifically guaranteed by the

Constitution, and (5) assertion of a state-law claim that is functionally identical to a federal constitutional claim.  *See Coningford*, 640 F.3d at 482.  These five methods of showing fair presentment are not exhaustive:  the focus should center on the "*likelihood* that the presentation in state court alerted that tribunal to the claim's federal quality and approximate contours."  *Id.* (quoting *Nadworny v. Fair,* 872 F.2d 1093, 1098 (1st Cir. 1989)).

**B.      Petitioner's State-Court Briefings**

Respondent contends that the federal basis for the claim set out in Ground Three of the habeas petition was not fairly presented in petitioner's direct appeal to the Massachusetts Appeals Court or in his ALOFAR to the Supreme Judicial Court.  *See Adelson*, 131 F.3d at 263 ("Exhaustion obligations mandate that a habeas petitioner present, or do his best to present, his federal claim to the state's highest tribunal.").  In petitions arising from Massachusetts state-court decisions, a petitioner must raise an appealed issue to the Supreme Judicial Court within "the four corners of the ALOFAR" in order for the issue to have been "fairly presented" for exhaustion purposes.  *Mele v. Fitchburg*, 850 F.2d 817, 823 (1st Cir. 1988).

The determination as to whether a reasonable court could identify the federal nature of a claim in petitioner's state-court filings "is not a matter of guesswork.  Rather, that calculation is informed by 'trappings-specific constitutional language, constitutional citation, appropriate federal precedent, substantive constitutional analogy, argument with no masking state-law character, and the like.'"  *Adelson, 131 F.3d* at 262 (quoting *Nadworny*, 872 F.2d at 1101)).  Put simply, "[t]he fewer the [federal] trappings" throughout the state-court filings, "the less likely" it becomes the court will determine the federal claim was properly exhausted.  *Id*.

Ground Three of the habeas petition states that "[t]he trial court's allowance of repetitious testimony regarding the officers' investigative process over the defendant's objections

4

resulted in prejudicial error and a denial of due process." While the habeas petition asserts a violation of federal due-process rights, petitioner's ALOFAR on the same matter was not presented in constitutional terms. *See Coningford*, 640 F.3d at 483. Instead, Ground Three of the ALOFAR referred to the same allegedly prejudicial testimony, but cited only Massachusetts common-law cases concerning state evidentiary procedures, and the prejudicial error doctrine as support. Furthermore, Ground Three of the ALOFAR included no reference to the due-process clause or any other provision of the Constitution. *See Adelson*, 131 F.3d at 263 (finding a claim unexhausted where a petitioner "made no mention of the Fourteenth Amendment, and eschewed all references to the concept of due process").

While it is true that "deployment of federal authority sometimes is not a prerequisite to adequate presentation of a federal claim to the state courts, . . . such occasions will be few and far between," and when present, they will typically involve "a suitable surrogate" such as "state cases or an analysis of state law that adopts or parallels federal constitutional analysis." *Id.* The closest that the ALOFAR came to addressing a federal claim was in the concluding sentence: "[r]eversal of the conviction is warranted where there is a reasonable possibility that this error might have contributed to the jury's verdict."[1] However, the generalized contention that the admission of certain testimony was prejudicial error, standing alone, is insufficient to show the constitutional nature of a claim. *See Gagne v. Fair*, 835 F.2d 6, 8 (1st Cir. 1987) (finding that even "the most meticulous search on the part of the state court would have turned up nothing suggesting that petitioner was making a federal due process argument" in response to a claim that petitioner was prejudiced by the admission of certain evidence) (quoting *Dougan v. Ponte*, 727 F.2d 199, 202 (1st Cir. 1984)).

---

[1] Here, petitioner cites a Massachusetts case, *Commonwealth v. Alphas*, 430 Mass. 8, 23 (1999) (Greaney, J., concurring), to show the standard that applies when conducting the prejudicial error test.

The Supreme Court addressed a similar issue in *Duncan*, where it found that a petitioner's argument in state court that an evidentiary error resulted in a "miscarriage of justice," did not properly alert the court of a federal due-process claim. *See Duncan v. Henry*, 513 U.S. 364, 366 (1995). The court found that "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court." *Id.* As in *Duncan*, petitioner failed to refer to due process or other constitutional concepts concerning the repetitious testimony claim in his ALOFAR. Petitioner first mentioned due process concerning that claim in the present habeas petition, alleging that the admission of repetitious testimony constituted "prejudicial error *and a denial of due process*." Petitioner did, however, refer to constitutional violations under other claims in his ALOFAR. His failure to mention due process concerning the repetitious evidence claim is "especially pronounced" in light of the fact that he "did specifically raise a due process objection before the state court based on a different claim." *Id.*

In conclusion, petitioner's evidentiary claim concerning the admission of repetitious testimony in state court, did not "face-up and squarely" present a federal question, and therefore Ground Three of his habeas petition has not been exhausted. *Martens*, 836 F.2d at 717. Thus, the petition is a mixed petition.

### C. Requirements for Mixed Petitions

Generally, if a petitioner files a "mixed petition" that includes both exhausted and unexhausted claims, a federal court may (1) dismiss the petition in its entirety, (2) allow the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims, or (3) stay the petition until the petitioner returns to state court to exhaust his previously unexhausted

claims.  *See Rhines v. Weber,* 544 U.S. 269, 275–76 (2005); *see also Rose v. Lundy,* 455 U.S. at 520–21; *Neverson v. Farquharson,* 366 F.3d 32, 43 (1st Cir. 2004).  A court may exercise the third option to stay resolution of the exhausted claims and hold the petition in abeyance only "in limited circumstances."  *Rhines,* 544 U.S. at 277.  Specifically, a court may do so only if the petitioner "had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics."  *Id.* at 278; *see also Clements v. Maloney,* 485 F.3d 158, 169–71 (1st Cir. 2007).

A petitioner's intentional decision to argue a claim on state-law grounds does not establish good cause.  *See Clements,* 485 F.3d at 171.  Similarly, ineffective assistance of appellate counsel will not normally support a finding of good cause in the habeas context.  *See Sullivan v. Saba,* 840 F. Supp. 2d 429, 437 (D. Mass. 2012).  Petitioner was represented by counsel throughout his state-court proceedings, and his choice to frame Ground Three in purely evidentiary terms, as opposed to constitutional terms, is not sufficient to show good cause.  S*ee Biggs v. Dennehy*, 2006 WL 6499321 at *2 (D. Mass. Mar. 6, 2006) (finding no showing of good cause where petitioner was represented by counsel at all stages of state-court proceedings and had ample opportunity to bring unexhausted claims before state court).

Petitioner has not filed a response to the motion to dismiss his petition.  He therefore has not provided any reason why a stay would be appropriate, or demonstrated good cause for his failure to exhaust.  *See Rhines,* 544 U.S. at 278.  Accordingly, the petition will not be stayed.

Petitioner may elect to dismiss the unexhausted evidentiary claim (Ground Three) and proceed with the remainder of his claims, or accept dismissal of the entire petition.  Accordingly, respondent's motion to dismiss the petition will be granted unless, within 30 days of the date of

this order, petitioner files a request to dismiss the unexhausted claim and proceed on the merits of the exhausted claims.

## III.     Conclusion

For the foregoing reasons, respondent's motion to dismiss the petition will be granted unless, within 30 days of the date of this order, petitioner files a request to dismiss the unexhausted claim and proceed on the merits of the exhausted claims.

**So Ordered.**

Dated:  July 18, 2017

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge